**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No. 81-CR-20033

RUBY H. DAVIS,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR EXPUNGEMENT**

Pending before this court is letter dated April 15, 2008 by *pro se* by Defendant Ruby H. Davis, which the court clerk filed on the docket on June 2, 2008. The court will construe the letter as a motion for expungement. A hearing on the motion is unnecessary. *See* E.D. Mich LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

On December 10, 1981, a federal jury in Bay City convicted Defendant of four counts of embezzlement by a bank employee. Defendant now states that she was twenty-seven or twenty-eight years old at the time of the offense and that she completed her sentence of probation and community service early and "paid some money but I am unsure of the amount I paid." (Def.'s Mot. at 1-2.) Defendant avers that since then she (1) was a foster parent for over thirty children, (2) held a full-time job and retired after over twenty years, (3) raised "three lovely daughters," (4) kept a clean record with not even a traffic ticket and (5) volunteers with youth at a church in a rural

area. (*Id.* at 2.) Defendant also writes that she provides her church occasionally with accounting services and "this means that I may need to be bonded." (*Id.*) "Please allow me to continue to be a god-fearing woman and to also continue working with these youth through church and foster care." (*Id.*)

## II. STANDARD

No specific federal statute authorizes courts to expunge criminal records. In the absence of a specific law leading the way, the Sixth Circuit declared that federal courts possess "inherent equitable powers . . . to order the expungement of a [criminal] record." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). The federal courts' power to expunge, however, is limited only to appropriate cases. *Id.* The Sixth Circuit has not established a benchmark for what can be deemed "appropriate," but the federal courts are in agreement that "appropriate" is typically found only in extreme or extraordinary circumstances.[1] *See*, *e.g.*, *United States v. Smith,* 940 F.2d 395, 396 (9th Cir. 1991); *United States v. Geary*, 901 F.2d 679 (8th Cir. 1990).

## III. DISCUSSION

Courts have interpreted the power to expunge criminal records as a balance between the state's interest in maintaining accurate criminal records and the harm inflicted on a defendant by the record's existence.[2] *United States v. Bagley,* 899 F.2d

---

[1] In *United States v. Robinson*, No. 94-1945, 1996 WL 107129 at *1 (6th Cir. Mar. 8, 1996), the Sixth Circuit held in an unpublished opinion that "expungement power is narrow and appropriately used only in extreme circumstances." Unpublished opinions are not binding authority, but this court does acknowledge that they can be persuasive authority. *Harper v. Auto Alliance Int'l, Inc.,* 392 F.3d 195, 205 n. 3 (6th Cir. 2004).

[2] In *Robinson*, the Sixth Circuit likewise agreed that expungement power "hinges" on the balancing of state and private interests. 1996 WL 107129 at *1.

707, 708 (8th Cir. 1990). The state's interest in maintaining accurate criminal records stems from the valuable role they serve in effective law enforcement. *Id.*; *see also United States v. Wiley,* 89 F. Supp. 2d 909, 912 (S.D. Ohio 1999). "Such records meet the compelling public need for an effective and workable criminal identification procedure." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (citing *United States v. Seasholtz*, 376 F. Supp. 1288, 1290 (N.D. Okla. 1974)) (quotations omitted).

Acknowledging the strength of the state's interest, courts have held that the power to expunge criminal records is quite narrow. *Id.*; *see also United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984). This narrow grant of power is generally only used in cases of improper convictions. *Schwab v. Gallas*, 724 F. Supp. 509 (E.D. Ohio 1989). Nevertheless, even in the presence of an improper conviction, the state's interest in maintaining accurate criminal records remains high. In fact, courts have denied expungement although the underlying convictions have been reversed or the defendants have been acquitted. *See United States v. Janik*, 10 F.3d 470, 471-72 (7th Cir. 1993) (defendant's motion for expungement denied despite the conviction being reversed for violation of the Speedy Trial Act); *United States v. Linn*, 513 F.2d 925, 927-28 (D.C. Cir. 1979) (defendant acquitted, but expungement denied because arrest was lawful). Instead, expungement power is exercised when improper convictions are accompanied by more extreme elements, such as "in cases of mass arrests without probable cause . . . arrests under statutes later held unconstitutional . . . and arrests found to have been for the purpose of harassment only . . . ." *Geary v. United States*, 901 F.2d 679 (8th Cir. 1990). Court have thus not viewed difficulty in finding employment due to a past criminal record as a

valid reason for expungement. *United States v. Rowlands,* 451 F.3d 173 (3d Cir. 2006); *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006); *United States v. Scott,* 793 F.2d 117 (5th Cir. 1986).

Whatever the nature of Defendant's life after conviction, it cannot erase the wrongful conduct underlying the offense. Convicted criminals are expected upon release to rejoin society and respect the law. The state certainly has a strong interest in preserving criminal records. While this court appreciates Defendant's efforts to rehabilitate herself and to help others, it cannot find that Defendant's situation can be viewed, in any light, as extreme or extraordinary enough to outweigh the state's interest in maintaining accurate criminal records. Furthermore, to hold otherwise would undermine the accepted position that the narrow power of federal courts to expunge is exercised only in limited and appropriate cases. Therefore, any harm Defendant experiences as a result of her criminal record does not outweigh the strong state interest in maintaining accurate criminal records and the motion will be denied.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Expungement" [Dkt. # 2] is DENIED.

S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 7, 2008, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522